Matter of Valente (2022 NY Slip Op 03244)

Matter of Valente

2022 NY Slip Op 03244

Decided on May 18, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
DEBORAH DOWLING, JJ.

2021-07625

[*1]In the Matter of Douglas Valente, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Douglas Valente, respondent. (Attorney Registration No. 2474229)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 10, 1992.

Catherine A. Sheridan, Hauppauge, NY (Michael Fuchs of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On October 20, 2021, the Grievance Committee for the Tenth Judicial District served the respondent with a notice of petition and a verified petition, both dated October 20, 2021, and duly filed those papers with this Court together with an affidavit of service. The petition contains seven charges, alleging that the respondent, inter alia, misappropriated client or third-party funds entrusted to him incident to his practice of law; failed to promptly pay or deliver to the client or third party funds in the respondent's possession that the client or third party was entitled to receive; and failed to make contemporaneous, accurate entries of all financial transactions from his escrow account in his ledger book in violation of rule 1.15(a), (c)(4), and (d)(2) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to serve and file his answer to the petition within 20 days after service upon him of the notice of petition and the petition. The respondent's time to answer the petition was extended to December 10, 2021. Notwithstanding the extension, to date, the respondent has neither served nor filed an answer to the petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served upon the respondent on December 15, 2021, he has neither opposed the instant motion nor interposed any other response thereto.
Accordingly, the Grievance Committee's motion to deem the charges in the verified petition dated October 20, 2021, established is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J, DILLON, DUFFY, BARROS and DOWLING, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to deem the charges in the verified petition dated October 20, 2021, established based upon the default of the respondent, Douglas Valente, is granted; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Douglas Valente, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Douglas Valente, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Douglas Valente, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Douglas Valente, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
LASALLE, P.J., DILLON, DUFFY, BARROS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court